UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VERIZON NEW YORK INC., VERIZON NEW
ENGLAND INC., VERIZON NEW JERSEY INC.,
VERIZON PENNSYLVANIA INC., VERIZON
MARYLAND INC., VERIZON WASHINGTON
D.C. INC., and VERIZON VIRGINIA, INC.,

                         Plaintiffs,

          -against-

GLOBAL NAPS, INC., GLOBAL NAPS
VIRGINIA, INC., and GLOBAL NAPS SOUTH,
INC.,

                         Defendants.
------------------------------------------------------------x

MEMORANDUM AND ORDER

03-CV-5073 (ENV)(RML)

VITALIANO, D.J.

Defendants move for dismissal of part of Verizon's First Amended Complaint (the "Amended Complaint").[1] They argue that it does not comply with the Court's order of July 19, 2007, which granted in part and denied in part Verizon's earlier motion to supplement and amend their complaint. Defendants also request that sanctions and costs be awarded against Verizon for their alleged disregard of the prior order. The motion to dismiss is granted. The motion for sanctions is denied.

In the subject prior order, the Court denied Verizon's motion to add, among other claims, allegations that Global failed to pay most of the charges for collocation and unbundled network elements ("UNE") for which Verizon had billed Global from 1997 to 2005. Verizon New York et al v. Global NAPs et al, No. 03-cv-5073 (E.D.N.Y. July 19, 2007), at 6. The Court explicitly noted in its accompanying opinion that the facts at the root of these claims were clearly known to

---

[1] Familiarity with the facts and procedural history of this matter is assumed.

Verizon when this action was filed in 2003, and ruled that no justification for Verizon's lengthy delay in raising them after years of litigation sufficed to offset the resulting burden on the judicial system.

Less than two weeks later, Verizon moved for partial reconsideration of the Court's order, claiming that the collocation and UNE claims in its proposed amended complaint had been part of the litigation since its inception. The Court denied this motion in its entirety. Now, in response to Global's present motion to exclude claims for collocation and UNE charges from Verizon's Amended Complaint, Verizon essentially argues that 1) since it had included those claims in its original complaint and 2) had notified the Court in a July 31, 2007 letter that it did not understand the July 19 order as precluding Verizon from pursuing the claims, the Court's perceived silence was approbation and the inclusion of these amended claims was justified.

The Court, of course, did not want the parties to be misled and thought its ruling, which defendants grasped, was clear. The Court's determination that Verizon's motion for reconsideration contained nothing that would warrant reconsideration applied to all of Verizon's arguments, including those advancing the proposition that the UNE and collocation claims as presented in the Amended Complaint were actually pled in the original complaint. Certainly, having already considered and rejected this argument in the context of the motion for reconsideration, the Court declines to give the plaintiffs yet another chance to revive it.

Notwithstanding, given the misapprehension of Verizon's counsel, further illumination is appropriate. The Court's concerns in refusing to broaden the field of battle related to Verizon's delay in advancing claims like these that could have been advanced years ago but were allowed, at best, to hibernate. But, the Court will not impose sanctions on plaintiffs for having included the collocation and UNE claims in its amended complaint. Sanctions are available if an attorney expands a case unreasonably and vexatiously. Such sanctions, however, must be founded on the Court's determination that "(1) the challenged claim was without a colorable basis and (2) the

claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Schlaifer Nance & Co. v. Warhol, 194 F.3d 323, 336 (2d Cir. 1999); see also Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996); Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 38 (2d Cir.1995). Effectively, though, a finding of bad faith can be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Shafii, supra, 83 F.3d at 571 (internal quotation marks omitted); see also People of the State of New York v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir. 1996), cert. denied, 519 U.S. 825, 117 S.Ct. 85, 136 L.Ed.2d 42 (1996). In light of Verizon's apparent expectation that the Court would specifically respond to the letter expressing its understanding of the Court's July 19th order should the Court not have concurred in it, the Court finds that Verizon's taking action on its own interpretation of the previous order is not wholly unreasonable, even if it is misguided. In any event, with this Memorandum and Order having settled any such lingering question, the parties are now, hopefully, free to focus on the remaining claims and work to a resolution of the original litigation that is, at this point, well overdue.

## CONCLUSION

The motion to dismiss the UNE and collocation claims in the Amended Complaint is granted. The motion for sanctions is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 21, 2007

s/Hon. Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge